Macomber, J.
The motion at special term was made under section 2447 of the Code of Civil Procedure by which the court is authorized on the examination of a third party in proceedings supplementary to execution to direct such person to pay over any money or property which he has in his hands belonging to the judgment-debtor where there is no substantial dispute touching the possession or ownership of the property.
In this action the defendant recovered a judgment against the plaintiff for $15,855.09. Upon the examination of Mr. Daily it appeared that he had in his possession $26,000 of the government bonds of the United States for which he had at one time given a receipt to the plaintiff by the terms of which, he was to deliver them at any time to the plaintiff or to the plaintiff’s wife. If this was the whole of the case, the question would be very simple and the order would follow almost'as a matter of course that Mr. Daily deliver the property over to the receiver of the judgment-debtor.
It appears, however, that some time prior to the making of this motion the defendant in this action brought an action against Bauer, and Daily and Moore charging them with having entered into a conspiracy pursuant to which *93 Bauer made notes in a large sum in the name of the firm, many of which had been negotiated by the defendants and which had been taken up by Mr. Betz. That action resulted in a verdict against the defendants therein in the sum of about $50,000.
One of the items of evidence upon which the jury rendered a verdict against Daily in that action related to his connection with Bauer in appropriating the proceeds of the commercial paper of Bauer and Betz to the purchase of these identical United States bonds. The bonds must be considered only as a part of the property obtained by the defendants by their wrongful acts. The receipt which Mr. Daily had given to his conspirator Bauer, was long before this proceeding for his examination was instituted.
Immediately upon the rendition of the verdict and the entry of judgment thereon in the conspiracy case, which, as it appears, was effected mainly through the testimony of Bauer himself (and the amount of these bonds being clearly enough part of the amount which the jury found to be the damages sustained by Betz), there was no legal obligation* on the part of Daily to deliver the property to Bauer, notwithstanding the written receipt already referred to. The damages in that action were based upon the hypothesis that the defendants had by so much injured —not Bauer, nor the firm of Bauer & Betz, but Mr. Betz himself. The defendants were joint tort-feasors, and being such, neither of them could compel his fellow to deliver up any property in his possession which was acquired by them both through their fraudulent and wrongful acts.
Suppose, for instance, that Mr. Bauer should bring an action to compel Mr. Daily to carry out the agreement contained in the receipt. It would in my judgment be a perfect answer to say that the bonds were acquired through the wrongful act of both parties, and that a judgment had been procured against one of them, namely, Daily, through the instrumentality of Bauer himself. If any person has a moral or legal claim upon this property, it is the judgment creditor and not the judgment debtor in this action." There is no way of working out his rights, however, through or by means of the receivership established in a judgment recovered against Bauer. Nor can proceedings against this property be sustained under the section already mentioned for the reason, as has already been pointed out, that the statute is based wholly upon the assumption that the property to be ordered into the hands of the receiver should be, undisputably, th,e property of the judgment debtor. When Mr. Betz, by due process, calls for these bonds in his own right, and with a view of applying their value upon the judgment which he has recovered for the fraud which was *94 perpetrated upon him, the order for their delivery will be timely.
The order should be affirmed, with ten dollars costs and disbursements.
Daniels and Brady, JJ., concur.